UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BETTY A. BURRIES,           )
                            )
                            )
    Plaintiff,              )
                            )
v.                          )       17-CV-2024
                            )
MACON COUNTY JAIL,          )
                            )
                            )
    Defendants.             )
                            )

**MERIT REVIEW OPINION**

    Plaintiff filed this case pro se from Logan County Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

    In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that employees at the Macon County Jail violated the Illinois law prohibiting smoking in public places during Plaintiff's two-month stay there from October to December 2016. In particular, Plaintiff "inhaled lots of strong secondhand cigarette smoke" on her unit and witnessed several officers go outside the recreation door to smoke. She alleges that the secondhand smoke caused her "headaches, dizziness, stomach aches and shortness of breath."

Violations of the Smoke Free Illinois Act do not give rise to a federal claim. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."). The Act is enforced by the Illinois Department of Public Health, local public health departments, and local law enforcement agencies. 410 ILCS 82/40(a). Any person can make a complaint with these agencies for a violation of the Act. 410 ILCS 82/40(b).

Exposure to secondhand smoke in prison could violate federal constitutional standards if that exposure poses "an unreasonable risk of serious damage to [] future health." Helling v. McKinney, 113 S.Ct. 2475, 2481 (1993). However, Plaintiff was at the Jail only two months, making it difficult to draw a plausible inference that she was subjected to an unreasonable risk of serious harm. Additionally, Plaintiff can sue only the individuals who were deliberately indifferent, meaning the individuals who personally knew that the inside of the Jail had unsafe levels of secondhand smoke and consciously disregarded that risk. Plaintiff does not say what efforts she made to obtain medical care or alert anyone of the problems she was having because of the secondhand smoke.

Typically the Court would dismiss a complaint that fails to state a federal claim without prejudice to filing an amended complaint. If the amended complaint still fails to state a federal claim, the case is dismissed and a "strike" is assessed pursuant to 28 U.S.C. §1915(g). A prisoner who has acquired three strikes may no longer proceed in forma pauperis unless she is in imminent danger of serious physical injury.

Here, the Court will not follow the typical procedure because Plaintiff admits in her complaint that she did not file a grievance "because I felt that they would willfully neglect my well-being as they have done before." (Compl. p. 4.) Prisoners and detainees are required to exhaust all available administrative remedies before filing a federal lawsuit, even if they feel doing so would be futile. 42 U.S.C. § 1997e(a); King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Because Plaintiff's failure to exhaust is plain from her Complaint, the Court will dismiss on that ground, and no strike will be assessed. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to exhaust her administrative remedies.

2) Plaintiff must still pay the full filing fee of $350 even though her case has been dismissed. 28 U.S.C. § 1915(b). The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, she will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4) The clerk is directed to close this case and enter judgment.

ENTERED: March 16, 2017

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE